IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOAN CRAWFORD, | : | Civil Action No. 3:20cv212 |
| Plaintiff, | : | |
| | : | Judge: _____ |
| vs. | : | |
| | : | Complaint filed: _____ |
| COYLE MANAGEMENT, INC., | : | **JURY TRIAL DEMANDED** |
| Defendant. | : | *Electronically Filed* |

## COMPLAINT

### I.  PARTIES

1. The Plaintiff is Joan Crawford, an adult individual who resides at 219 Glenvalley Drive, Cambridge, Ontario, N1T1R2 Canada.

2. The Defendant Coyle Management, Inc. is a business corporation, incorporated under the laws of the Commonwealth of Pennsylvania, having a registered office address of 164 Colgate Avenue, Johnstown, Pennsylvania 15905.

3. At all times material hereto, Defendant Coyle Management, Inc., was the owner and operator of a McDonald's restaurant located at 14659 Clearfield Shawville Highway, Clearfield, Pennsylvania 16830.

4. At all times material hereto, the Defendant Coyle Management, Inc. was in possession, ownership and control of the premises situate at 14659

Clearfield Shawville Highway, Clearfield, Pennsylvania 16830, including but not limited to the McDonald's restaurant located thereon.

5. At all times material hereto, the Defendant Coyle Management, Inc. had the responsibility to maintain the premises located at 14659 Clearfield Shawville Highway, Clearfield, Pennsylvania 16830, including the McDonald's restaurant located thereon, in a safe and proper condition. In particular, the said Defendant had the responsibility to maintain the premises reasonably free of snow and ice such that business invitees entering the property were not subjected to an unreasonable risk of harm.

6. All acts alleged to have been done or not done by the Defendant named herein were done or not done by and through its respective agents, servants, workmen and employees.

## II. JURISDICTION and VENUE

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332(a)(2). Plaintiff is a citizen of Canada and Defendant is a corporation organized and operating under the laws of Pennsylvania. The amount in controversy exceeds $75,000.00.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(a)(1),(2). Defendant resides in this judicial district and a substantial part of

the events or omissions giving rise to Plaintiff's claim occurred within this judicial district.

### III. FACTUAL BACKGROUND

9. On Saturday, February 16, 2019, Plaintiff was traveling to Virginia in order to deliver a car to her daughter who was in a medical residency program in Maryland.

10. Plaintiff's intent was to fly back to her home in Canada after delivery of the car.

11. At the time of the incident at issue, Plaintiff had full time employment as a school teacher/department head including the responsibility of supervising ten other teachers.

12. In addition, Plaintiff lived alone and had the responsibility to assist in and oversee the care of her elderly parents. At those times material hereto, Plaintiff's father was confined to a long-term care facility and her mother was being treated for cancer.

13. At approximately 1:45 p.m. on February 16, 2019, Plaintiff stopped at the McDonald's restaurant owned and operated by the Defendant on the Clearfield Shawville Highway.

14. Plaintiff parked her car in a parking space designed for such use by Defendant and then attempted to cross the parking lot and sidewalk in order to enter the McDonald's restaurant.

15. As Plaintiff approached the restaurant entrance, she encountered a railing and an area where snow and ice were piled such that she had to move to her left in order to access the sidewalk leading to the entrance of the restaurant.

16. Unfortunately, due to snow and ice conditions, the sidewalk area Plaintiff was forced to use was also in an unreasonably slippery and dangerous condition. As a result, Plaintiff fell striking her head and the left side of her body including her left hip and leg.

17. The area where Plaintiff fell had not been shoveled, salted, de-iced or otherwise made safe for pedestrian travel.

18. There were no cones or other warning devices in place to alert business invitees like Plaintiff to the unreasonably slippery and dangerous conditions.

19. At the time of Plaintiff's fall, there were no active ongoing winter weather events and generally slippery conditions did not prevail throughout the community.

20. The Defendant had ample opportunity to inspect, locate and eliminate any unreasonably dangerous snow and ice conditions on its property prior to the incident at issue.

21. Plaintiff's slip and fall was caused solely by reason of the negligent, careless and reckless actions of the Defendant herein and not by reason of any negligence, careless or reckless action of Plaintiff.

## IV. PLAINTIFF'S INJURIES AND DAMAGES

22. Immediately after the incident at issue, Plaintiff was bleeding profusely from a head injury and experiencing pain and discomfort on the left side of her body.

23. Plaintiff was assisted by employees of the McDonald's restaurant and was also seen by emergency personnel from Clearfield E.M.S., Inc.

24. Plaintiff then left the McDonald's premises and managed to complete her driving trip to Virginia. Upon arriving in Virginia, however, Plaintiff was unable to bear weight on her left lower extremity and her head wound was again bleeding.

25. Plaintiff was taken to the emergency room at Loudoun Hospital in Leesburg, Virginia. After being examined in the emergency room, Plaintiff was then admitted to that hospital as an inpatient.

26. Along with the laceration to her head, Plaintiff was suffering, *inter alia*, from a left femoral neck fracture and a left pubic symphysis fracture. All of these injuries were the direct result of the slip and fall at Defendant's McDonald's restaurant.

27. Plaintiff was hospitalized as an inpatient from February 16, 2019 through February 21, 2019. During this hospitalization, Plaintiff underwent an open reduction internal fixation of her left hip fracture.

28. Subsequent to her discharge from Loudoun Hospital, Plaintiff was stranded in Virginia and unable to travel back to her home in Canada for approximately eight (8) weeks.

29. While unable to travel, Plaintiff could not provide care to, and oversee the treatment of, her elderly parents in Canada.

30. Due to her injuries, Plaintiff was unable to return to her teaching position for the balance of the school year, thereby missing work completely from the date of her injury through June 28, 2019.

31. As a result of her injuries, Plaintiff was unable to maintain the property where she resided and was forced to hire persons to perform work she could otherwise have done herself.

32. As a result of her injuries, Plaintiff required ongoing medical care including physical therapy and doctor visits.

33. Plaintiff was severely limited in her physical activities and remains unable to engage in a number of the activities she formerly enjoyed.

34. As a result of her injuries, Plaintiff has developed bursitis in her left hip and is at heightened risk for needing a hip replacement in the future.

35. Plaintiff has incurred the following special damages for all of which a claim is made:

    (a) Medical expenses of $38,525.00;

    (b) Out of pocket expenses of $3,775.62;

    (c) Direct income loss of $3,507.00; and,

    (d) Loss of 86 days of sick leave.

36. Due to the permanent and progressive nature of Plaintiff's injuries, she will or may require ongoing or future treatment for her injuries. A claim is made for any and all such medical expenses.

37. Solely as a result of her injuries, Plaintiff has suffered and continues to suffer emotional distress, pain, suffering, humiliation and embarrassment and loss of life's pleasures. A claim is made for all such damages, past, present and future.

38. Solely as a result of her injuries, Plaintiff's earning capacity has been impaired. A claim is made for all such damages.

39. Solely as a result of her injuries, Plaintiff may suffer a loss of income in the future. A claim is made for all such damages.

40. All of Plaintiff's injuries and damages were caused solely by reason of the negligent, reckless and careless conduct of the Defendant.

## COUNT ONE
## JOAN CRAWFORD vs. COYLE MANAGEMENT, INC.

41. Plaintiff incorporates herein by reference, the same as though set forth at length, paragraphs 1 through 40 of the within Complaint.

41. Plaintiff's injuries and damages were caused by reason of the negligence, recklessness and carelessness of the Defendant, as follows:

(a) Failing to maintain the premises in a condition reasonable safe for invitees/patrons of its restaurant;

(b) Failing to remove snow and ice conditions that presented an unreasonable risk of harm to invitees/patrons of its restaurant;

(c) Permitting unreasonably dangerous snow and ice conditions to persist on its premises;

(d) Creating a dangerous condition by piling snow and ice into areas which were used by invitees/patrons of its restaurant;

(e) Failing to warn invitees/patrons of its restaurant of the existence of unreasonably dangerous snow and ice conditions;

(f) Failing to inspect its premises in a reasonable manner so as to discover the existence of dangerous snow and ice conditions;

(g) Failing to properly train and educate its employees with regard to the proper inspection and maintenance of the premises, including but not limited to snow and ice conditions;

(h) Failing to have a maintenance program in place to address the identification and treatment of snow and ice conditions of the premises;

(i) Hiring and retaining incompetent employees;

(j) Hiring and retaining incompetent independent contractors;

(k) Failing to reasonably monitor and oversee the snow and ice removal activities of any third parties hired to provide such services; and,

(l) Being otherwise negligent, reckless and careless under the circumstances then and there existing.

WHEREFORE, Plaintiff Joan Crawford requests that judgment be entered in her favor and against the Defendant Coyle Management, Inc. in an amount in excess of $75,000.00, together with interest and costs of suit.

                                          Respectfully submitted,

                                          McQUAIDE BLASKO, INC.

Dated: October 20, 2020          By: _____
                                               James M. Horne, Esquire
                                             Pa. I.D. No. 26908
                                             jmhorne@mqblaw.com
                                             811 University Drive
                                             State College, PA 16801
                                             (814) 238-4926

                                             Attorneys for Plaintiff
                                             Joan Crawford